## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert W. Gettleman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 1449 | **DATE** | March 25, 2008 |
| **CASE TITLE** | Cleveland Garner (N-33258) v. Dr. Partha Ghosh | | |

**DOCKET ENTRY TEXT:**

Plaintiff Cleveland Garner's motion for leave to proceed *in forma pauperis* [3] is granted. The court authorizes the trust fund officer at plaintiff's place of confinement to deduct $16.00 from plaintiff's account, and to continue making deductions in accordance with this order. The clerk shall send a copy of this order to the supervisor of inmate trust fund accounts at Stateville Correctional Center. The clerk is directed to issue summonses for Dr. Partha Ghosh and Dr. Aguinaldo, and the United States Marshals Service is appointed to serve these defendants. Terry McCann is dismissed as a defendant. Plaintiff's motions for the appointment of counsel [5] and for a preliminary injunction [4] are denied. The clerk shall send to plaintiff a magistrate judge consent form, filing instructions, and a form motion for the appointment of counsel, along with a copy of this order.

■ [For further details see text below.]                                                                  Docketing to mail notices.

### STATEMENT

     Plaintiff, Cleveland Garner (N-33258), a prisoner confined at the Stateville Correctional Center, has filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against Dr. Partha Ghosh, Dr. Aguinaldo, and Warden Terry McCann. Plaintiff alleges that the defendant doctors have not adequately treated plaintiff for Hepatitis C and for a condition that causes muscle spasms in his arm and leg.

     The Court finds that plaintiff is unable to prepay the filing fee and grants his motion for leave to proceed *in forma pauperis*. Pursuant to 28 U.S.C. § 1915(b)(1), plaintiff is assessed an initial partial filing fee of $16.00. The supervisor of inmate trust accounts at the Stateville Correctional Center is authorized and ordered to collect, when funds exist, the partial filing fee from plaintiff's trust fund account and pay it directly to the clerk of court. After payment of the initial partial filing fee, the trust fund officer at plaintiff's place of confinement is directed to collect monthly payments from plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from plaintiff's trust fund account shall be forwarded to the clerk of court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify plaintiff's name and the case number assigned to this action. Plaintiff shall remain responsible for this payment obligation, and the Stateville inmate trust account office shall notify transferee authorities of any outstanding balance in the event plaintiff is transferred to another facility.

**(CONTINUED)**

isk

## STATEMENT (continued)

Under 28 U.S.C. § 1915A, the court is required to conduct a preliminary review of an inmate's complaint. Here, accepting plaintiff's factual allegations as true, the court finds that the complaint states a colorable cause of action against Dr. Partha Ghosh and Dr. Aguinaldo, who therefore must respond to the allegations in the complaint. However, plaintiff's allegations seeking to hold Terry McCann liable for his supervisory role as sheriff fail to state a claim. *Perkins v. Lawson*, 312 F.3d 872, 875 (7th Cir. 2002). Terry McCann is dismissed as a defendant.

The clerk shall issue summonses for service of the complaint on Dr. Partha Ghosh and Dr. Aguinaldo. The clerk shall also send to plaintiff a Magistrate Judge Consent Form and Instructions for Submitting Documents along with a copy of this order.

The United States Marshals Service is appointed to serve Dr. Partha Ghosh and Dr. Aguinaldo. Any service forms necessary for plaintiff to complete will be sent by the Marshal as appropriate to serve the defendants with process. The U.S. Marshal is directed to make all reasonable efforts to serve the defendants. With respect to any former jail employee who can no longer be found at the work address provided by plaintiff, officials at the Stateville Correctional Center shall furnish the Marshal with the defendant's last known address. The information shall be used only for purposes of effectuating service, or for proof of service, should a dispute arise, and any documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the court file, nor disclosed by the Marshal. The Marshal is authorized to mail a request for waiver of service to the defendants in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service.

Plaintiff is instructed to file all future papers concerning this action with the clerk of court in care of the Prisoner Correspondent. Plaintiff must provide the court with the original plus a complete judge's copy, including any exhibits, of every document filed. In addition, plaintiff must send an exact copy of any court filing to the defendants [or to defense counsel, once an attorney has entered an appearance on behalf of the defendants]. Every document filed with the court must include a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the judge or that otherwise fails to comply with these instructions may be disregarded by the court or returned to plaintiff.

Plaintiff's request for a preliminary injunction is denied. Although plaintiff has sufficiently asserted allegations to allow his claims of deliberate indifference to a serious medical need proceed against the two named Stateville doctors, plaintiff has not made the requisite showing with respect to the three conditions necessary for a preliminary injunction. *See Foodcomm Int'l v. Barry*, 328 F.3d 300, 303 (7th Cir. 2003) (to obtain a preliminary injunction, a party must prove to the district court that (1) his underlying case is likely to succeed on the merits; (2) no adequate remedy at law exists; and (3) he will suffer irreparable harm if the injunction is not granted).

Plaintiff's motion for the appointment of counsel is denied without prejudice. Plaintiff does not indicate that he sought to obtain counsel or that he was prevented from doing so. Furthermore, the case at the present time does not involve complex discovery or an evidentiary hearing, and plaintiff's current pleadings indicate that he may proceed with his case at this stage of the proceedings. Accordingly, his motion for the appointment of counsel is denied without prejudice. *Pruitt v. Mote*, 503 F.3d 647, 656-59 (7th Cir. 2007). The clerk shall forward to plaintiff a form motion for the appointment of counsel, which plaintiff may submit if he seeks the appointment of counsel at a later stage of the proceedings.