UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CLEVELAND GARNER ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 08-CV-1449 |
| ) | Judge Gettleman |
| DR. PARTHA GHOSH, DR. AGUINALDO, AND ) | |
| TERRY MCCANN ) | |
| ) | |
| Defendants. ) | |

**DEFENDANT DR. PARTHA GHOSH'S ANSWER TO PLAINTIFF'S COMPLAINT**

Defendant, DR. PARTHA GHOSH, M.D., by his attorneys, CHARYSH & SCHROEDER, LTD., for his answer to plaintiff's complaint, state as follows:

1. Plaintiff a inmate at Stateville Correctional Center suffers from a live threatening illness "hepatitis c" and severe "muscle spasms" in plaintiff's arm and leg.

**ANSWER:** Defendant admits plaintiff is an inmate at Stateville Correctional Center and denies the remaining allegations of this paragraph.

2. November 2006 plaintiff was transported from Stateville correctional center to the University of Illinois Chicago Medical facility due to plaintiff's "Hepatitis C" illness.

**ANSWER:** This defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

3. While at the U of I Chicago Medical facility Plaintiff was examined and tested by a medical specialist.

**ANSWER:** This defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

4. The medical specialist prescribed a medical treatment plan for plaintiff's "hepatitis c".

**ANSWER:**   This defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

5.   When Plaintiff was returned to Stateville Defendants Dr. Partha Ghosh and Dr. Aguinaldo did not provide plaintiff any medical treatment for plaintiff's "hepatitis c".

**ANSWER:**   Deny

6.   February 13, 2007, plaintiff was returned to the U of I due to Plaintiff's "Hepatitis C."

**ANSWER:**   This defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

7.   Defendants Dr. Ghosh and Dr. Aguinaldo also discontinued plaintiff's "Robaxin" medication for muscle spasms in plaintiff's arm and leg.

**ANSWER:**   This defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

8.   Each time plaintiff returned from the U of I Chicago Medical Facility defendants Dr. Ghosh and Dr. Aguinaldo refused to provide plaintiff medical treatment for Plaintiff's "hepatitis c".

**ANSWER:**   Deny

9.   Due to "Hepatitis C" causing plaintiff's liver condition to worsen and muscle spasms causing numbness in plaintiff arm and leg, plaintiff filed a grievance dated April 18, 2007, See exhibit A.

**ANSWER:**   Deny

10.   Defendant Dr. Ghosh response to plaintiff's April 18, 2007 grievance was that Plaintiff was evaluated on April 22, 2007, and that Plaintiff will be re-evaluated.

**ANSWER:**   This defendant admits that a response was sent that the offender had been evaluated by an MD on 4-23-07, and would be re-evaluated before any decisions would be made. This defendant denies any remaining allegations of this paragraph.

11. On April 23, 2007 Plaintiff went to "sick call" seeking medical treatment for Plaintiff's Hepatitis C and muscle spasms.

**ANSWER:** This defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

12. Plaintiff informed Defendant Dr. Aguinaldo that the muscle spasms is causing pain and involuntary movement in Plaintiff's arm and leg and that plaintiff arm and leg will go numb.

**ANSWER:** This defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

13. Plaintiff informed Defendant Aguinaldo that Tylenol and aprin does not held plaintiff's muscle spasm condition.

**ANSWER:** This defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

14. Plaintiff then requested to Defendant to be placed back on Robaxin medication and that plaintiff should be examined by an outside medical specialist due to plaintiff's muscle spasm condition worsted year after year.

**ANSWER:** This defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

15. Defendant Aguinaldo responded "there isn't anything I can do and we can't afford the medication and treatment for your hepatitis."

**ANSWER:** This defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

16. Defendant Aguinaldo refused to refill plaintiff's Robaxin medication and refused to treat plaintiff's Hepatitis C liver condition which was a burning pain (liver).

**ANSWER:** This defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

17. April 23, 2007 the same day plaintiff filed another grievance for being deprived medical treatment for Plaintiff's muscle spasms and Hepatitis C, See exhibit B.

**ANSWER:** This defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph as this paragraph does not make sense.

18. Defendant Ghosh response to Plaintiff's April 23, 2007 grievance was that plaintiff's liver condition will be addressed once the institutional lock down is lifted, see page 2 exhibit B

**ANSWER:** This defendant admits that a response was provided that plaintiff's concerns would be evaluated in the chronic care clinic once the lockdown was lifted and he was further advised that the frequent administration of multiple medications (including pain medication) should be done with caution. This defendant denies any remaining allegations of this paragraph.

19. Once the lockdown was lifted plaintiff still did not receive medical treatment for plaintiff Hepatitis C or plaintiff's muscle spasms.

**ANSWER:** Deny

20. Due to plaintiff's liver condition plaintiff's liver pain increased and plaintiff's urine color became dark and abnormal.

**ANSWER:** Deny

21. June 8, 2007 Plaintiff then filed a third grievance on the institutional level and also sent another grievance to the administrative review board concerning plaintiff's being deprived treatment for plaintiff's Hepatitis C and muscle spasms, See exhibit C

**ANSWER:** This defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

22. To this day the Administrative Review Bard has not responded to plaintiff's grievance.

**ANSWER:** This defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

23. Defendant Ghosh continued to deny plaintiff medical treatment for Plaintiff's Hepatitis C and muscle spasms using another lockdown as an excuse, See Exhibit D.

**ANSWER:** Deny

24. Defendants DR. Ghosh and Dr. Aguinaldo has allowed several months to pass without providing plaintiff medical treatment for plaintiff's Hepatitis C and muscle spasms knowing plaintiff's conditions has worsened.

**ANSWER:** Deny

25. Defendants Dr. Ghosh and Dr. Aguinaldo "deliberate indifference" to plaintiff's serious medical needs violates Plaintiff's Eighth Amendment Rights to the United States Constitution and 42 U.S.C. 1983.

**ANSWER:** Deny

26. Defendant Warden Terry McCann signing plaintiff's grievances concurring with Defendants Ghosh and Aguinaldo not to provide plaintiff adequate medical treatment for Plaintiff's Hepatitis C and muscle spasms is "deliberate indifference" to plaintiff's serious medical needs violating Plaintiff's Eighth Amendment rights to the United States Constitution and 42 U.S.C. 1983.  Defendants Ghosh, Aguinaldo and McCann all acted under color of state law in their individual capacities in the aforementioned wrongful conduct by denying plaintiff needed and adequate medical treatment.  Defendants Ghosh, Aguinaldo and McCann knew or should have known that their reckless disregard to plaintiff's serious medical needs constitution "deliberate indifference" a clear violation of Plaintiff's Eighth Amendment rights under the United States Constitution and 42 U.S.C. 1983

**ANSWER:** Deny

FN.1.   Plaintiff just received another grievance plaintiff filed on 9-20-7 which the defendants and other staff continue to use false and phony excuses not to provide plaintiff medical care, See exhibit E

**ANSWER:**   Deny

WHEREFORE, defendant, DR. PARTHA GHOSH, M.D. denies the plaintiff, CLEVELAND GARNER, is entitled to judgment against him in any amount whatsoever or for any other relief requested by plaintiff's complaint and asks that the plaintiff's complaint be dismissed and that judgment be entered in his favor on any remaining pleadings.

**DEFENDANT DEMANDS TRIAL BY JURY**

**AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**

This defendant affirmatively states that the plaintiff's amended complaint fails to state a claim upon which relief can be granted pursuant to **42 USC §1983** involving rights secured by the Eighth Amendment, as the conduct claimed as actionable does not rise to the standard of seriousness required pursuant to the statute.

**SECOND AFFIRMATIVE DEFENSE**

At all times relevant herein, this defendant acted in good faith in the performance of his official duties and without violating the plaintiffs' clearly establish statutory or constitutional rights of which a reasonable person would have known.  Defendant is, therefore, protected from suit by the doctrine of qualified immunity.

**THIRD AFFIRMATIVE DEFENSE**

Plaintiff has failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act, and therefore, the plaintiff's complaint is barred.

CHARYSH & SCHROEDER, LTD.

____s/ Richard A. Tjepkema_____

Michael J. Charysh (ARDC# 6187455)
Richard A. Tjepkema (ARDC # 6217445)
CHARYSH & SCHROEDER, LTD.
33 North Dearborn Street
Suite 1300
Chicago, Illinois 60602
(312) 372-8338

**PROOF OF SERVICE BY ELECTRONIC FILING AND U.S. MAIL**

      The undersigned attorney certifies that he served a copy of the foregoing documents on all attorneys of record via electronic notification to EFC participants, and by U.S. Mail to non-EFC participants at their respective addresses by depositing copies of same with proper postage prepaid in the U.S. Mail at 33 North Dearborn Street, Chicago, Illinois at or before 5:00 p.m. on July 14, 2008.

                                                         s/ Richard A. Tjepkema

Michael J. Charysh (ARDC# 6187455)
Richard A. Tjepkema (ARDC # 6217445)
CHARYSH & SCHROEDER, LTD.
33 North Dearborn Street
Suite 1300
Chicago, Illinois 60602
(312) 372-8338